# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KEITH MANNING SHORT, | Case No. 2:21-cv-01474-GMN-EJY |
| Petitioner, | **ORDER** |
| v. | |
| DIRECTOR, N.D.O.C., et al. | |
| Respondents. | |

This is a habeas corpus action under 28 U.S.C. § 2254.  The court has reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Short will need to show cause why the court should not dismiss the action because he has not exhausted his state-court remedies for any of his grounds for relief.

After a jury trial, Short was convicted of one count of residential burglary, one count of attempted grand larceny, and one count of burglary.  Short appealed.  The court takes judicial notice of the opening brief that Short filed in that appeal.  Short v. State, Case No. 80471.[1]  Short raised the following issues:

> 1. The Miranda [v. Arizona, 384 U.S. 436 (1966)] warning given by responding law enforcement officers was insufficient in this case,

---

[1] http://caseinfo.nvsupremecourt.us/document/view.do?csNameID=57940&csIID=57940&deLinkID=767192&onBaseDocumentNumber=20-15401 (accessed October 8, 2021).

1

> indicating that any statements by Mr. Short were involuntary, and should have been suppressed.
>
> 2. The "show up" procedure used for Ms. O'Connell to identify Mr. Short was unnecessarily suggestive, such that admission of her pretrial and subsequent in-court identification of Mr. Short violated his due process rights.

The Nevada Supreme Court rejected those arguments and affirmed the judgment of conviction. Short v. State, 476 P.3d 437, 2020 WL 6743131 (Nev. Nov. 13, 2020) (unpublished table decision). Short has not pursued a post-conviction habeas corpus petition in the state courts.

Short then commenced this action. His sole claim for relief is that his sentence exceeds the statutory maximum.

Short does not appear to have exhausted his ground for relief. Before this court may consider a petition for a writ of habeas corpus, Short must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, Short must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982). The court has compared the claims that Short raised on direct appeal with the claim that Short has raised in this court. Short has not presented any of the operative facts or legal theories of his current claim to the state courts. Consequently, it appears that the court may not consider his ground for relief. The court will give Short the opportunity to show cause why the court should not dismiss this action for his failure to exhaust his state-court remedies.

IT THEREFORE IS ORDERED that the clerk of the court file the petition for a writ of habeas corpus.

IT FURTHER IS ORDERED that petitioner will have 30 days from the date of entry of this order to show cause why the court should not dismiss this action for his failure to exhaust his state-court remedies. Failure to comply with this order will result in the dismissal of this action.

IT FURTHER IS ORDERED that that the clerk add Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents.

IT FURTHER IS ORDERED that the clerk provide copies of this order and all prior filings to the Attorney General in a manner consistent with the clerk's current practice, such as regeneration of notices of electronic filing.

IT FURTHER IS ORDERED that respondents need not respond to the petition until further order of the court.

DATED: October 8, 2021

_____
Gloria M. Navarro,
United States District Judge